**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>         Plaintiff-Appellant,<br><br>  v.<br><br>ROSS; et al.,<br><br>         Defendants-Appellees. | No. 18-15505<br><br>D.C. No. 2:17-cv-00720-TLN-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Nicholas Patrick, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

district court's dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

889, 892 (9th Cir. 2011).  We affirm.

The district court properly dismissed Patrick's sexual harassment claim because the alleged conduct by defendants does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012) (setting forth elements of a sexual harassment claim in the prison context); *Somers v. Thurman*, 109 F.3d 614, 622-23 (9th Cir. 1997) (allegations that female guards "gawked" and pointed at a male inmate while he was showering did not rise to the level of cruel and unusual punishment); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment.").

The district court properly dismissed Patrick's retaliation claim because Patrick failed to allege facts sufficient to show that the disciplinary action did not reasonably advance a legitimate correctional goal.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**